J-S24033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN JONES, | : | |
| | : | |
| Appellant | : | No. 2982 EDDA 2014 |

Appeal from the PCRA Order entered on September 23,2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No. CP-46-CR-0001603-1999

BEFORE:  GANTMAN, P.J., ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 29, 2015**

Kevin Jones ("Jones") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1999, following a jury trial, Jones was convicted of murder of the first degree, possessing instruments of crime, firearms not to be carried without a license, and unsworn falsification to authorities.[1]  The trial court sentenced Jones to life in prison without the possibility of parole.

Jones filed an untimely Notice of Appeal, which this Court quashed in 2001.  ***See Commonwealth v. Jones***, 779 A.2d 1219 (Pa. Super. 2001) (unpublished memorandum).  However, the trial court reinstated Jones's right to file a direct appeal, *nunc pro tunc*.  This Court affirmed the judgment

---

[1] 18 Pa.C.S.A. §§ 2502(a), 907(a), 6106(a), 4904(a).

of sentence. ***See Commonwealth v. Jones***, 816 A.2d 330 (Pa. Super. 2002) (unpublished memorandum). Jones did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

Jones filed his first timely PCRA Petition, *pro se*, in 2003. The PCRA court appointed counsel, who filed a Petition to withdraw from representation pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court allowed counsel to withdraw and dismissed Jones's Petition. This Court affirmed the dismissal, and the Pennsylvania Supreme Court denied Jones's Petition for Allowance of Appeal. ***See Commonwealth v. Jones***, 873 A.2d 768 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 889 A.2d 1214 (Pa. 2005).

Jones filed the instant PCRA Petition, *pro se*, in 2012. The PCRA court appointed Jones counsel, who filed an Amended Petition over one year later. After issuing a Notice of Intent to Dismiss, the PCRA court dismissed the Petition, without a hearing, as untimely filed. Jones filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Jones raises the following question for our review: "Considering the decision and reasoning of the United States Supreme Court's [decision] in **Lafler v. Cooper**, 132 S. Ct. 1376 (2012), did the

[PCRA c]ourt err by [dismissing], without a hearing, [Jones's] request for PCRA relief?" Brief for Appellant at 2.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Jones claims that the PCRA court erred in dismissing his Petition without a hearing. Brief for Appellant at 11. Jones argues that his trial counsel was ineffective for advising him against accepting the plea deal offered by the Commonwealth, which would have allowed him to plead guilty to third-degree murder. *Id.* at 8. According to Jones, counsel led him to believe that he would be successful in obtaining a verdict of voluntary manslaughter if the case proceeded to trial. *Id.*

Initially, under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not

- 3 -

address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Jones's Petition is facially untimely under the PCRA. **See** 42 Pa.C.S.A. § 9545(b). However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **Albrecht**, 994 A.2d at 1094.

Here, Jones invokes the newly recognized constitutional right exception, codified at 42 Pa.C.S.A. § 9545(b)(1)(iii). Jones asserts that the United States Supreme Court's decision in **Lafler, supra**, which extended the Sixth Amendment right to counsel to the plea-bargaining process, recognizes a new constitutional right that can overcome the PCRA's time bar. **See** Brief for Appellant at 7, 10. Jones argues that if **Lafler** is applied to his case, he can now succeed on a claim of ineffective assistance of counsel because the homicide he committed was such a "textbook example" of a "coldly and deliberately executed" first-degree murder that no reasonable counsel would have discouraged him from accepting the plea deal for third-degree murder. **See id.** at 8.

Although Jones properly filed the Petition within 60 days of the date on which the Supreme Court issued the **Lafler** decision, his claim is without

- 4 -

merit. In order to invoke the newly recognized constitutional right exception, the petitioner must demonstrate that the United States Supreme Court or the Pennsylvania Supreme court recognized a new constitutional right. ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014). This Court has explicitly held that ***Lafler*** did not create a new constitutional right. ***Commonwealth v. Feliciano***, 69 A.3d 1270, 1277 (Pa. Super. 2013); ***accord Commonwealth v. Hernandez***, 79 A.3d 649, 654 (Pa. Super. 2013). Rather, ***Lafler*** merely extended the existing Sixth Amendment right to the plea-bargaining process. ***Feliciano***, 69 A.3d at 1277. Therefore, Jones has failed to plead and prove the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of his Petition. ***See id.***[2]

Order affirmed.

---

[2] To the extent Jones claims that the ineffectiveness of his trial counsel invoked an exception to the timeliness requirement, we affirm "that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Wharton***, 86 A.2d 1120, 1127 (Pa. 2005). Further, Jones's claim that the PCRA court erred in dismissing his PCRA Petition, without first holding an evidentiary hearing, is without merit. "[I]t is well settled that the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1066 n.9 (Pa. Super. 2011). In this case, where Jones filed an untimely PCRA Petition and did not plead and prove an exception to the timeliness requirement, we conclude that the PCRA court did not abuse its discretion in declining to hold an evidentiary hearing. ***See id.***

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2015